IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KERANOS, LLC, | § § | |
| *Plaintiff*, | § § | Case No. 2:13-cv-00017-RWS-RSP |
| v. | § § § | |
| SILICON STORAGE TECHNOLOGY, INC., et al., | § § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

The Federal Circuit vacated this Court's order denying Keranos's motion to amend its infringement contentions and remanded the case for a determination of whether Keranos has shown good cause for the untimeliness. *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1038 (Fed. Cir. 2015). Since the Federal Circuit's decision, Keranos's motion has become moot with respect to every defendant except Silicon Storage Technology ("SST"), NXP Semiconductors ("NXP"), Freescale, and Analog Devices ("ADI"). As for these remaining defendants, Keranos's motion is granted for the following reasons.

## BACKGROUND

Keranos sued 49 defendants in a single lawsuit filed on June 23, 2010, alleging infringement of three expired patents. *See* Case No. 2:10-cv-207, Dkt. No. 1. The complaint itself only identified a few products for each defendant. *See id.* The scheduling conference was held on November 30, 2011, and consistent with the local rules, Keranos served the defendants with infringement contentions on December 21, 2011. *See id.*, Dkt. No. 445. Aside from two exceptions, Keranos's infringement contentions alleged infringement of the same few products identified in the complaint. *See* Dkt. No. 310 at 4.

1

Keranos later served interrogatories on the defendants asking for an identification of all products containing SuperFlash memory, the accused functionality. *See* Dkt. No. 151 at 7. Defendants objected to the interrogatories but provided a list of products in protest. *See* Dkt. No. 310 at 4. On the basis of the defendants' interrogatory responses, Keranos served supplemental infringement contentions on May 3, 2012, without leave of Court. *See id.* Keranos later moved to amend its infringement contentions.

On August 5, 2013, the Court denied Keranos's motion to amend. *See* Dkt. No. 151. The Court explained that "Plaintiff has failed to demonstrate that it acted diligently in searching for and naming additional products that incorporate the accused technology." *Id.* at 6. "Instead of making these efforts, Plaintiff chose to list a handful of exemplar products and then demand that Defendants disclose additional products." *Id.* at 6-7. Because Keranos could have identified additional products from publicly available information at the time infringement contentions were due, the Court concluded that good cause for Keranos's amendment had not been established. *Id.*

A panel of the Federal Circuit vacated that order on August 13, 2015. *Keranos*, 797 F.3d at 1038. The panel concluded that "[t]he record indicates . . . that publicly available information might not have been available for the products of some appellees, and, thus, Keranos could not have been more diligent with respect to those appellees." *Id.* Accordingly, the panel remanded the case for a determination "on at least a party-by-party basis, whether Keranos has shown good cause to amend its infringement contentions." *Id.*

## DISCUSSION

Local Patent Rule 3-1 requires a patent owner to provide infringement contentions that identify each accused product as specifically as possible. The rule also requires that the name and model number (if known) of each accused product be identified. P.R. 3-1(b). Aside from

exceptions not applicable here, the local rules only allow the patent owner to amend infringement contentions after the due date upon "a showing of good cause." *See* P.R 3-6(b); *Alexsam Inc. v. IDT Corp.*, No. 2:07-cv-420-CE, 2011 WL 108725, at *1 (E.D. Tex. Jan. 12, 2011).

The parties appear to disagree on the legal standard for evaluating good cause. The defendants argue that Keranos was required to show diligence, and if no diligence has been shown, leave to amend should be denied. *See* Dkt. No. 310 at 8. As support for this proposition, the defendants cite two Federal Circuit cases endorsing the idea that lack of diligence alone may be sufficient for denying leave to amend infringement contentions. In *O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.*, the Federal Circuit explained that under the Northern California local patent rules, which are in relevant respects identical to this district's, a party that is not diligent may be denied leave to amend infringement contentions regardless of the lack of any prejudice to the defendant. *See* 467 F.3d 1355, 1367-68 (Fed. Cir. 2006) ("Having concluded that the district court could properly conclude that O2 Micro did not act diligently in moving to amend its infringement contentions, we see no need to consider the question of prejudice to MPS.").

In a later unpublished opinion, the Federal Circuit went further when evaluating a similar local patent rule from the Western District of Washington, stating that "[i]n order to establish good cause, the moving party first must demonstrate diligence in amending its contentions." *Allvoice Developments US, LLC v. Microsoft Corp.*, 612 F. App'x 1009, 1015 (Fed. Cir. 2015) (citing *O2 Micro*, 467 F.3d at 1366–67). "If the moving party is not able to meet that burden, it is unnecessary to examine the potential prejudice of the amendment to the non-moving party." *Id.* (citing *O2 Micro*, 467 F.3d at 1368). *O2 Micro* and *Allvoice* suggest that diligence is required for an amendment, regardless of other considerations.

The legal standard urged by Keranos, however, is not as rigid. Keranos explains that, generally speaking, courts in this district consider four factors in deciding whether to grant leave to amend infringement contentions, diligence being among the factors: (1) the explanation for failure to meet the deadline, i.e., diligence; (2) the importance of the thing that would be excluded; (3) the prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *See, e.g.*, *Nidec Corp. v. LG Innotek Co.*, No. 6:07CV108-LED-JDL, 2009 WL 3673253, at *1 (E.D. Tex. Sept. 2, 2009); *see also Sycamore IP Holdings LLC v. AT&T Corp.*, No. 2:16-CV-588-WCB, 2017 WL 4517953, at *2 (E.D. Tex. Oct. 10, 2017) (Bryson, J, sitting by designation) (applying substantively identical five-factor test). Keranos insists that these four factors must be applied, with the diligence element carrying no more weight than other factors. *See* Dkt. No. 276 at 15.

Both parties are in some ways correct. The defendants are correct that *O2 Micro* permits a district court to conclude that good cause has not been demonstrated when the movant fails to show diligence (or such a conclusion is at least not an abuse of discretion). *See O2 Micro*, 467 F.3d at 1367-68. The standard articulated by the panel in *Allvoice*, however, appears to extend beyond that, requiring diligence first and foremost, to the exclusion of other relevant considerations. *See* 612 F. App'x at1015 (citing *O2 Micro*, 467 F.3d at 1366-67). The text of this district's local patent rule, however, does not expressly require a showing of "diligence." Rather, the rule requires "a showing of good cause." P.R. 3-1(b). The ordinary legal meaning of "good cause" does not relate solely to the movant's diligence—"good cause" is "[a] legally sufficient reason." *See* "Cause," Black's Law Dictionary (10th ed. 2014).

Consistent with that understanding, courts in this district have adopted the four-factor test from Fifth Circuit law governing whether to allow an untimely amendment to a pleading or other

submission such as an expert report. *See, e.g.*, *S & W Enters., L.L. C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). "Good cause" is established when the balance of the four factors weigh in favor of allowing the amendment. *See, e.g.*, *Nidec*, No. 6:07CV108-LED-JDL, 2009 WL 3673253, at *1. Diligence is a factor, but it is not a threshold requirement that must be evaluated in a vacuum, as suggested by the defendants and the unpublished *Allvoice* opinion. In sum, the Fifth Circuit's four-factor test articulated in cases such as *S & W Enterprises*, 315 F.3d at 536, governs whether "good cause" has been established under Local Patent Rule 3-6(b). The lack of diligence alone, however, may support denial of leave to amend infringement contentions. *See O2 Micro*, 467 F.3d at 1367-68.

With respect to defendant SST, Keranos contends that it could not have meaningfully identified all the product numbers in its amended infringement contentions without discovery. This is due in part to the fact that SST refers to multiple products in its product line by using the brand name "SuperFlash." Keranos's original infringement contentions identified "SuperFlash" technology as the accused functionality, and thus Keranos contends that SST had adequate notice of the accused products. Because the functionality was identified in the original infringement contentions, and because Keranos has submitted evidence of efforts it undertook to identify additional products, the Court concludes that Keranos has shown some level of effort with respect to SST.

A similar conclusion applies to NXP. There are questions as to whether all relevant information was publicly available at the time Keranos served its original infringement contentions. But even assuming all information was publicly available, NXP served Keranos with a Rule 11 motion stating that they did not use or sell any "SuperFlash" products, which Keranos indicates turned out to be a confusing decoy. In light of this complication, and because Keranos

provided evidence of its efforts to identify additional products, some level of diligence with respect to NXP has been shown.

The same is true of Freescale. While Freescale is correct that it may have been possible to find publicly available information about the additional products, it is often easier to see how information can be found in hindsight. Keranos has provided sufficient evidence indicating that it searched relevant websites for product information. Keranos could certainly have done more, but some minimal effort has been established with respect to Freescale.

As for the final defendant, ADI, there is an issue about whether the publicly available information referred to the additional products as "Flash" or "SuperFlash." Keranos contends that this complicated their search for ADI products. Keranos also argues, persuasively, that the local rules do not require a party to reverse engineer every possible product to determine whether the product may infringe. As with the other defendants, Keranos has established some minimal level of diligence in searching for and identifying ADI products. To be sure, Keranos's diligence, is not exemplary. As the Court previously explained, identifying a handful of products with the expectation that more will be revealed in discovery is inadequate.

The remaining factors nevertheless weigh in favor of allowing the amendment. Inclusion of the additional products is unquestionably important to Keranos. As for the prejudice factor, the defendants make the mistake of assuming that the legal standard requires diligence, and that the other relevant factors may be ignored if diligence has not been shown. Indeed, the defendants' response to Keranos's post-remand motion says nothing about any factor other than the diligence factor. The other factors are relevant for the reasons explained above. The prejudice at the time of the amendment appears to have been minimal. Keranos's contentions were amended on May 3,

2012, less than 5 months after infringement contentions were due, but more than six months before claim construction and more than year before trial. *See* 2:10-cv-0207, Dkt. No. 445 at 2-3. The additional products presumably give rise to a larger damages exposure, but without any articulation of how this prejudices the defendants beyond the risk of additional liability, the Court cannot speculate about what prejudice might result.

Finally, a continuance of the case has, in effect, already happened. It has been some time since Keranos originally moved to amend its contentions. Upon granting Keranos's post-remand motion for leave to amend, the Court will enter a scheduling order, and given the nature of the Court's docket, the new scheduling order will inherently include delay relative to the schedule entered in the case prior to the appeal. Accordingly, any prejudice suffered by the defendants as a result of Keranos's amended contentions, which were served four months too late, should effectively be cured. In sum, although the diligence factor does not weigh in Keranos's favor, the remaining three factors support leave to amend.

## CONCLUSION

Although Keranos's diligence in amending its infringement contentions was not impressive, the amendment is important, the prejudice at the time of the amendment was minimal, and any prejudice has effectively already been cured or will be cured by the inherent delay in the case schedule going forward. Accordingly, because the four relevant factors weigh in favor of allowing the amendment, Keranos's motion to amend its infringement contentions, Dkt. No. 276, is granted.

The stay is lifted, and the parties are directed to meet and confer and file a joint motion with a proposed docket control order within fourteen days. Finally, the Court requests that the

parties inform the Court by notice or otherwise of whether the motion pending at Dkt. No. 282 remains ripe or whether the motion is now moot.

**SIGNED this 26th day of January, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE